All rise. This court is now in session. 3-14-036-A. People of the State of Illinois. Appellee by Mark Asto v. Miguel Tamayo. Appellant by Alan Andrews. I am Alan Andrews and I am here to represent Mr. Tamayo who is a Mexican citizen. Spanish is his primary language. He has been convicted of first-degree murder and he appeals from the second-stage dismissal of his post-conviction petition. Because it is a second-stage dismissal, the petition should be liberally construed in his favor and all well-pled facts should be taken as true. The state does not argue that the petition is not well-pled. Rather, citing People v. Coleman, the state argues that the petition has been contradicted by the record and it was properly dismissed for that reason. My argument as to why Mr. Tamayo should get a third-stage evidentiary hearing is twofold. First, we need an evidentiary hearing because the claims involve facts that are outside the record. And secondly, in fact, the record does not contradict the claims in the petition. People v. Coleman does hold that a petition that is contradicted by the record can be dismissed, but the very next sentence in that decision states, When a petitioner's claims are based on facts outside the record, this Court has emphasized that it is not the intent of the Act that such claims should be adjudicated on the pleadings. This case relies upon any number of facts outside the record. The first claim, for example, where Mr. Tamayo argues he did not understand counsel's explanation of the plea agreement, Mr. Tamayo averred that there was no interpreter at that case. There is a factual dispute based on facts outside the record. We don't even know when the discussion about that plea agreement occurred. The plea offer was about 11 weeks before the trial. We don't know when the discussion was, and that's important because everybody seems to agree. Mr. Tamayo's defense attorney agrees that his skills gradually got better, so the farther before the trial that the plea discussion occurred, the less likely it was that Mr. Tamayo would be able to understand what counsel was saying. And even the major dispute over how well Mr. Tamayo understands English could benefit from testimony from people outside the record. Defense counsel, perhaps jailers, anybody who talked with Mr. Tamayo. So just because these claims rely on facts outside the record, this Court should order a third stage evidentiary hearing. But this Court should also order the third stage evidentiary hearing because the record does not in fact contradict Mr. Tamayo's first claim. The claim that he did not understand is the counsel's explanation of the plea deal. The state basically adopts the trial court's ruling, which was Mr. Tamayo must have understood counsel's explanation of the plea deal because Mr. Tamayo was able to testify at trial in English and describe the events surrounding the homicide. First again, I would point out that the record has to contradict the claim. There can't just be evidence that might mitigate against the claim. It's got to contradict the claim. And the fact that Mr. Tamayo was able to testify in English on his own behalf, perhaps 11 weeks after the plea discussion occurred, does not in and of itself contradict the claim that he could not understand English well enough to comprehend the plea offer. It may shed some light on that, but it doesn't contradict it. And my second point concerning the Court's ruling would be that the trial court ignored portions of the record that actually support Mr. Tamayo's claim that he was not able to understand counsel's explanation of the plea agreement. Defense counsel, at various points in the trial record, defense counsel at one point said that Mr. Tamayo's understanding of English improved gradually. Now that's important if the plea agreement discussion was three months, 11 weeks before the trial. We don't know how much it had improved between the discussion and the trial. Defense counsel said that he needed an interpreter to talk to Mr. Tamayo until a couple of weeks before the trial. So that indicates that 11 weeks before, Mr. Tamayo would not have been able to understand counsel had there not been an interpreter. Defense counsel also explained that the reason that Mr. Tamayo could testify in English at trial was because it wasn't difficult for him to explain factual events, what had happened, what had led to the murder. But counsel emphasized that Mr. Tamayo had difficulties with legal concepts. So counsel said there's a big difference between him being able to describe what happened and being able to understand the rest of the legal proceedings. And that's important here because really the benefit of the state's plea offer, which was 14 years for murder, 7 years consecutive for aggravated battery, turns on the understanding of the legal concepts of day for day good time and what constitutes good time. Because it seems like a 21-year sentence, which is one year more than the minimum for murder, if you don't get those legal concepts. So the very nature of the discussion of the plea agreement involved legal concepts, and that's exactly the concepts that Mr. Tamayo has difficulty with. One more point about his inability to understand legal concepts. Even at the hearing on the post-trial motion, after Mr. Tamayo testified in English, counsel wanted an interpreter specifically stating that Mr. Tamayo had difficulty understanding the legal concepts that would be discussed at this motion for the new trial. So that's long, long after the discussion of the plea agreement that we have evidence that Mr. Tamayo cannot understand legal concepts. And then there's Mr. Tamayo's affidavit saying that there was no interpreter at this discussion and that he couldn't understand what was going on. There are factual disputes in this case. The record does not contradict Mr. Tamayo's claim that he did not understand the plea agreement and that he would have accepted it had he understood it. The trial court's ruling about Mr. Tamayo's ability to testify in English, I think, does not resolve this claim. In fact, it really seems to create yet another factual issue. Does the fact that Mr. Tamayo was able to testify in English at the trial weeks after the discussion show that he could understand the discussion of the plea agreement? It's another factual dispute. And there's no reason for all of this speculation. This isn't a complicated case. These aren't complicated issues. All we need is an evidentiary hearing. If the state can prove that there was an interpreter at the jail during this plea discussion, Mr. Tamayo is pretty much sunk. I'm not saying he's going to win these claims, but he is entitled to an evidentiary hearing to establish them to the best of his ability. These claims would be easy to resolve. Counsel could testify that he had an interpreter. The jail log might show that he had an interpreter. But it might not. And counsel might say, that's one time I forgot to get an interpreter. It's a factual dispute. It's an important claim. It's important that a Mexican citizen should be able to understand the legal proceedings in this country. As for the second issue, I only want to touch upon a couple of things briefly. The gist of the claim here is that Mr. Tamayo knew that the interpreter wasn't interpreting the legal discussions of the attorneys during the trial word for word. And this is really connected to the first claim. Again, it's another aspect of Mr. Tamayo's inability to understand the legal proceedings conducted in a language that's not his own. It's the same sort of a claim as the first. What's important here is we know that a word for word interpretation of the legal discussions would be adequate. Because then it's up to Mr. Tamayo to understand what's going on. As long as he's got it word for word. What the allegation here is, is that the interpreter condensed the legal things. And that's where we have a problem. If the interpreter condenses it, you have to be sure that the interpreter has the ability to understand the concepts well enough to be able to accurately condense them. And then you have to be able to be sure that the interpreter can accurately relay those condensed versions of what the legal discussions were. There's a substantial claim here that Mr. Tamayo was not present because he could not understand the legal discussions in his trial. And a substantial claim that he could not participate in his defense if he did not understand these legal concepts. Again, these are factual disputes that could be easily resolved with an evidentiary hearing. I think in conclusion that whatever you can say about Mr. Tamayo's ability to understand English, and I think it's a very open question, you can't get around the fact that it's not his native language and that legal proceedings are complicated and that murder trials are important. These, again, are not factually complicated issues. It would be very easily resolved. It's not going to take up a lot of the trial court's time. Given that the state does not dispute that his claims are well pled, and given that they're obviously not contradicted by the record, I think it's incumbent upon this court to grant this evidentiary hearing so that we can reach the proper and correct conclusion in this case. If there are no questions, I thank you for your time. Thank you, Mr. Andrews. Mr. Alston. May it please the court, counsel. The defendant argues the trial judge erred in dismissing his post-conviction petition in the second stage. He argues the trial judge should have held an evidentiary hearing on his claim that his trial attorney failed to explain the guilty plea offer so that the defendant could understand his terms. The record shows that the defendant's primary language is Spanish, as counsel said, but he testified competently in English at his bench trial without the need of an interpreter. The interpreter was present, but there's no record that the interpreter did any translations during trial at all. Therefore, the record contradicts the defendant's claim that he could not understand the guilty plea offer that was earlier made. Defense counsel said he had an interpreter for all legal discussions as a matter of course with the defendant. It makes no sense that he would not have had an interpreter present for a guilty plea discussion also. And the record does show that an interpreter was available to the defendant for all proceedings. The defendant waived the jury trial and pled not guilty. Does the record show that there was an attorney there for the plea discussion? I believe it does. Yes, there was an email exchange for the plea discussion, and I believe, I can't say definitively off the top of my head, but I don't recall any record that no attorney or no translator was present for a plea discussion. Don't we need an affirmative showing that an attorney was there, not just a suggestion that there was one? Well, Your Honor, in most plea discussions, those are off the record. It's a rarity to have a record of a plea discussion. And invariably, a counsel who's representing the defendant would be there and present the offer. The offer was made to email to defense counsel, so the only way that would have been made to the defendant, of course, was through his counsel. Does counsel speak Spanish? I don't recall. I don't believe it was in the record that he did. There, of course, was an interpreter at all proceedings according to the record. Which would suggest that maybe counsel didn't. Well, that's a suggestion, but I think in many cases the trial courts will have an interpreter as a matter of course, with a defendant who speaks any language other than English, even if the attorney does speak the language, just to be assured that we're meeting all the due process rights of the defendant to have a translator available if necessary. Does the fact that something usually happens satisfy our inquiry? I wouldn't say that it does, no, Your Honor. Okay. Now, the defendant, of course, did waive a jury trial and pled not guilty. The interpreter was available at all hearings on the defendant's jury waiver, but without the interpreter's help, the defendant answered the trial judge's questions in English and stated he understood his rights. In English, the trial judge read all the charges, read the sentence ranges, and the possible deportation consequences to the defendant. In English, the defendant said he understood all the admonitions, and he still wanted to waive a jury trial. Can I ask you a question about that? Did he do what defendants usually do and say, yes, yes, yes, when the judge said, do you understand this? Are you knowingly waiving? Is that how he answered? In many cases, that is accurate, Your Honor. So he wasn't saying, yes, I understand that this is what's going to happen. He just said, yes. My memory of that is that it is accurate that in most cases he gave a single, yes, I understand type answer. The defendant did inform the trial judge that he had just told defense counsel that he wanted to waive a jury just prior to this proceeding, and the trial judge allowed the defendant extra time to discuss the waiver with his attorney in the presence of the interpreter. During this conference, the interpreter read the written jury waiver to the defendant in English. That's a record, of course. Nothing in the record shows the defendant complained to defense counsel that he did not understand the guilty plea offer. In English, the defendant informed the trial judge he had signed the waiver and confirmed he wanted a bench trial. The defendant stated he chose a bench trial because the jury was mainly white, and he did not feel he would get a fair jury trial in this instance. In his brief, the defendant admitted that he testified at trial without the aid of an interpreter. In an earlier January 2010 pre-trial hearing, defense counsel said the defendant spoke limited English when he first entered custody about a year and a half earlier. But defense counsel noted that the defendant's English had improved vastly as a witness, how he stated, and that in the two weeks prior to the pre-trial hearing, he had met with the defendant without the aid of an interpreter altogether. In a direct testimony at trial, the defendant said that in the seven months since entering jail, his English, according to him, had become very good. The defendant had been in jail for four months prior to the plea offer, and it's reasonable to believe the defendant's English improved greatly during this particular time. It's not reasonable to believe the defendant only became fluent in English during the 11 weeks between the plea offer and trial. At the hearing on the defendant's motion for a new trial, after trial of course, the defendant did not change and challenge the defense counsel's claim that an interpreter was always present during discussions of legal issues with the defendant, which supports that an interpreter was present for the plea offer discussions. At the second stage hearing, the trial judge stated that ordinarily the defendant's claim would suffice to allow an evidentiary hearing. But the trial judge determined that in this case he had to review the record because the defendant had testified at trial. The trial judge noted he had offered the defendant the opportunity to testify in Spanish through the interpreter, but the defendant chose to testify in English. The trial judge found the claim that the defendant did not understand the offer because of language barriers was patently without merit, it was not supported by the record, and there was no logistical constitutional claim. The people note that at trial, the defendant raised self-defense as to one of the victims, and he claimed that he did not even strike the second victim who died. So therefore, the defendant went to trial to prove his innocence, not because he did not understand English. Thus, the record shows there is no constitutional violation as to this issue. The people note regarding matters outside the record, if there were a third stage hearing, yes, we could definitively clarify whether there was a translator at that particular guilty plea hearing, but the record already states that the interpreter was already available, and it's unreasonable at this point, we're out I think almost three years from that time, to believe that the translator, the interpreter would be able to say, I definitively said this to this person at this time, and I translated these words in this way, and so we would not be able to learn from an evidentiary hearing what the interpreter had actually said to defendant at the time. So we would not have any confusion that might have just clarified through a hearing. Now, as to the second issue, defendant asserts he raised the claim of constitutional violation where he left the interpreter did not accurately translate the trial proceedings. Now, as court for this allegation, defendant only noted that his interpreter did not speak for the same length of time as the person being translated did. Defendant, of course, did not raise this issue in the trial court or ask for a new interpreter. The record shows that early in the proceedings, defendant asked to have one discussion translated into Spanish on the record, but the record does not show that the interpreter had been translating on an ongoing basis during any of the proceedings. The record only shows that the interpreter had been sitting at defendant's table to translate upon request. At trial, defense counsel stated for the record that the interpreter was available, but counsel said he did not anticipate the interpreter would be translating the testimony because defendant could understand what the witnesses would be saying and he didn't want interpretations to interfere with defendant's ability to hear what the witnesses were saying on his own. Now, on page 10 of our brief, people provided case law showing that for a defendant to have been prejudiced by a translation at trial, the interpreter had to have been intentionally unfair or the interpretations had to be unfair to the defendant. This defendant does not claim that the translations were unfair or that the allegedly incomplete translation prejudiced him in any way. Now, Supreme Court Murphy gave examples showing that a non-literal translation may be accurate and would not violate a defendant's due process rights. The fact that the defendant alleged the interpreter's translations were not the same length as the original English language statements does not show the translation had not been accurate or in any way unfair to the defendant and it does not establish constitutional violation. People ask this Court to affirm the trial judge's dismissal of the defendant's admitted post-conviction petition at the second stage. Thank you. It's true that counsel said I always had an interpreter when I talked to him, but that's a very general statement and it creates a factual issue and I concede that. But it's a very general statement like saying she always drove well or he always was a very kind man. It doesn't necessarily prove that there was in fact an interpreter at this discussion of the plea agreement and Mr. Tamayo has sworn that there was not an interpreter. And again, as I say, it will be very easy to get to the bottom of that issue. Does defense counsel speak English? Obviously not. He said he always needed an interpreter up to two weeks before the trial. The state has argued that Mr. Tamayo was in jail for four months before the offer so he must have learned English before he discussed the plea. Again, this is a question of fact that's easily resolved. Defense counsel needed an interpreter up until two weeks before the trial. I've gone over all this before. It's the legal concept thing. Defense counsel needed an interpreter for Mr. Tamayo after the trial to discuss legal concepts. These are legal concepts. It's a factual issue and there should be a hearing on it. The state also argued that the reason Mr. Tamayo did not accept the plea was because he wanted to assert self-defense. That's pure speculation. Once you reject a plea offer and you go to trial, you have to have some sort of defense. You don't just roll over. If you wanted to roll over, you'd take the plea offer no matter how bad it is. It's pure speculation that just because Mr. Tamayo mounted a defense at trial, that that was the reason he didn't take the plea. Mr. Tamayo said he didn't take the plea because he didn't understand it. If he didn't understand that it was actually for 10 years instead of for 21, he might have thought he'd be better off rolling the dice and be acquitted perhaps or maybe just get the minimum for murder like he did. These are factual issues in this case, and I would urge this court to grant Mr. Tamayo an evidentiary hearing so that they can be resolved. One other point. The state said time has passed. We don't know if the interpreter can describe what she interpreted, things like that. If that's the case, Mr. Tamayo likely loses. It doesn't hurt the state if Mr. Tamayo can't establish his claims, if the witnesses can't remember what happened. It hurts Mr. Tamayo. But he should have that chance to find out whether the interpreter can say what our interpretation was or whether they can establish that there was in fact an interpreter at the plea agreement. The stale passage of time, it hurts Mr. Tamayo, not the state in this case. So, again, I respectfully request this court to grant the evidentiary hearing, which I believe Mr. Tamayo is entitled to. Thank you. Thank you, Mr. Anderson. Thank you both for your arguments today. We'll take this matter under advisement. It backs you with a written disposition within a short day. We'll now take a short recess for comments. All rise. This court now stands in recess.